PAUL S. PADDA, ESQ. *(NV Bar #10417)*
Email: *psp@paulpaddalaw.com*
JOSHUA Y. ANG, ESQ. *(NV Bar #14026)*
Email: *ja@paulpaddalaw.com*
**PAUL PADDA LAW, PLLC**
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KISHA GRIFFIN, individually;<br><br>    Plaintiff,<br><br>vs.<br><br>MANPOWER US, Inc., a Delaware Corporation; DOES 1 through 100; and ROE ENTITIES A through Z, inclusive;<br><br>    Defendants. | Case No.:<br><br>Dept. No.: |

## COMPLAINT

This is a civil action seeking monetary damages. In support of this Complaint, Plaintiff Kisha Griffin ("Griffin" or "Plaintiff"), by and through undersigned counsel, hereby alleges the following:

**I.**

### JURISDICTION, VENUE AND LEGAL BASIS FOR THIS ACTION

1.    This is a civil action for damages brought by Plaintiff to remedy discrimination on the basis of race, gender and retaliation, and to seek relief under applicable state and federal anti-discrimination statutes.

...

1

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since "a substantial part of the events or omissions giving rise to the claim[s] occurred" within Clark County, Nevada.

3.      Plaintiff is asserting statutory claims under the following statutes:

•       Nevada anti-discrimination statutes, N.R.S. § 613.330 et seq.;

•       Federal anti-discrimination statute, Title VII of the Civil Rights Act of 1964, 42. U.S.C. § 2000e et seq., as amended;

4.      Damages and other appropriate legal and remedies are sought by Plaintiff pursuant to N.R.S. § 613.330 et seq., 42 U.S.C. § 2000e et seq., as amended.

**II.**

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5.      Plaintiff has formerly filed a formal charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").  This filing with the EEOC fulfilled her obligation to initiate an administrative claim before seeking review in this court.

6.      In the EEOC filing, Plaintiff alleged facts demonstrating that she had been subjected to illegal harassment, sexual harassment, employment discrimination and retaliation resulting in discharge based upon race (African American) and sex.

7.      On June 23, 2017, the EEOC sent a "Notice of Right to Sue" to the Plaintiff, which she received on or about June 27, 2017. *See* **Exhibit A**. The Notice of Right to Sue stated that Plaintiff would have within 90 days from receipt of the letter to file a lawsuit. *Id.*

…

…

…

PAUL PADDA LAW, PLLC
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

2

PAUL PADDA LAW, PLLC
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

## III.

## THE PARTIES

8.    Plaintiff, Kisha Griffin "Griffin" is an adult individual, African American, currently residing in Nevada.

9.    Defendant Manpower, US, Inc. ("Manpower") is a foreign (Delaware) corporation registered to do business in the State of Nevada, employing more than 15 employees.

## IV.

## FACTUAL BACKGROUND

10.    Plaintiff, an African American, was hired as a Training Administrator for the Nevada Department of Corrections ("NDOC") in November 2011 as a contract employee through Manpower**.**

11.    Plaintiff worked at NDOC without event until John Collins ("Collins"), an African American, was hired as Statewide Re-entry Coordinator on or about March 2014. Collins had direct supervisory authority over Plaintiff.

12.    Collins engaged in discriminatory behavior against Plaintiff from the very beginning of his tenure. For example, he would not allow Plaintiff and Tim Cunningham ("Cunningham") (another African American under Collins' supervision) flex their hours or make up hours, while allowing a white co-worker to do so.

13.    Collins often made comments of a sexual nature that made Plaintiff and other female staff uncomfortable, (e.g. comments regarding Viagra).

14.    Collins also created a hostile work environment by harassing Plaintiff and Cunningham. He called Plaintiff names, such as "crackhead" and introduced Plaintiff and Cunningham to new staff and "druggies."

3

15. When Plaintiff and Cunningham took their concerns to Human Resources, Plaintiff was subject to retaliation from Collins, who threatened them with their jobs.

16. Finally, Plaintiff and Cunningham were terminated several days after lodging a written complaint with Sharlot Gabriel of Human Resources. This written complaint was lodged on or about August 22, 2014.

**V.**

**FIRST CAUSE OF ACTION**
**(Disparate Treatment Discrimination Based On Race In Violation Of State And Federal Anti-Discrimination Statutes)**

17. Plaintiff repleads and realleges every allegation contained in Paragraphs 1 through 16 with the same force and effect as if set forth herein.

18. As an employee, Plaintiff was a person entitled to protection under Nevada's anti-discrimination statute, N.R.S. § 613.330 et seq. and the aforementioned federal statutes, Title VII and §1981.

19. Defendant had a legal obligation, pursuant to the aforementioned state and federal statutes, the policy of the State of Nevada, and their own internal corporate policies, to maintain a workplace free of unlawful discrimination.

20. Despite these laws, Defendant and its employees, subjected Plaintiff to different terms and conditions of employment because of her race, African-American, and her color, black, and treated similarly situated, but non-black, individuals more favorably.

21. This illegal disparate treatment included, but is no limited to the following: differing (and lack of) management and corporate support and assistance; hostility; workplace ostracization, stricter scrutiny and supervision; inadequate or unsatisfactory oversight and control of managers and supervisors. Specifically, among other things, Plaintiff and one other black

PAUL PADDA LAW, PLLC
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

PAUL PADDA LAW, PLLC
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

employee, Cunningham, were not allowed by Defendant, through their immediate supervisor Collins, to flex or make up hours while a while coworker could do so.

22.    Defendant created, allowed and tolerated a workplace where illegal disparate treatment on the basis of race was not prevented, and when it did occur, was not recognized or remedied.

23.    Defendant discriminated against Plaintiff, an African-American whose skin color is black, in violation of federal and state law, when it tolerated and ratified racial discrimination in their workplace.

24.    By engaging in these actions, Defendant violated federal and state law, including, but not limited to, N.R.S. 613. 330 et seq., and Title VII of the Civil rights Act of 1964, as amended, U.S.C. § 2000e et seq. Plaintiff is seeking all legal remedies to which she is entitled under these laws.

25.    Defendant has illegally discriminated against the Plaintiff because of her race, and the Plaintiff has been injured and damaged by this discrimination. Those damages include, but are not limited to, substantial economic losses and also mental anguish, emotional harm and humiliation caused by the discrimination while she was employed and then in the loss of her job. Pursuant to Title VII, 42 U.S.C. § 2000e et seq., the Plaintiff is entitled to be made whole and fully compensated for all damages and injuries suffered, including recompense in the form of back pay and front pay, and compensatory damages for the emotional pain and anguish suffered by them in an amount to be determined at trial.

26.    Defendant's, and its employees, acts of discrimination were performed with malice and/or reckless indifference to Plaintiff's protected civil rights and/or constituted or contributed to the intentional discrimination of Plaintiff in the face of a perceived risk that those

5

actions or omissions would violate federal law. Therefore, the Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish and deter Defendant and all others from engaging in illegal discrimination based on race and/or color.

27.    It has been necessary for the Plaintiff to retain the services of attorneys, pursuant to 42 U.S.C. § 2000e-5(k), she is entitled to recover reasonable costs and attorney's fees.

**VI.**

**<u>SECOND CAUSE OF ACTION</u>**
**(Gender Discrimination/Sexual Harassment Based Upon Hostile Work Environment In Violation Of Federal Law)**

28.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 set forth above.

29.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., prohibits employers with 15 or more employees from discriminating against any individual employee with respect to his or her compensation, terms, conditions or privileges of employment because of the employee's race, color, religion, sex or national origin.  To prevail on a hostile workplace claim premised upon "sex/gender," a plaintiff must show (1) that he/she was subjected to verbal or physical conduct of a sexual nature, (2) that the conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment.

30.    In this case, Defendant, by and through the actions of Plaintiff's first-line supervisor Collins, subjected Plaintiff to a hostile and discriminatory work environment based upon her sex (female). Specifically, Plaintiff was the victim of repeated verbal and physical harassment from her supervisor that was deeply offensive and based solely upon her gender.  For instance, Collins, a male, humiliated and embarrassed Plaintiff by routinely making sexual

PAUL PADDA LAW, PLLC
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

6

PAUL PADDA LAW, PLLC
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

comments which made Plaintiff and other female employees extremely uncomfortable, including an instance when he exclaimed "All I need is Viagra to get me going!"  Collins' conduct was unwelcome, uninvited and most certainly offensive (both subjectively and objectively). Occurring on a frequent basis, the harassment was severe and pervasive, and altered the working conditions of Plaintiff's employment to the point that it took a deep emotional toll on Plaintiff.

31.     The foregoing conduct constituted illegal sexual harassment discrimination prohibited by 42 U.S.C. §2000e et. seq.

32.     Plaintiff has been seriously harmed, economically and emotionally, by this unlawful discrimination in the form of illegal sexual harassment discrimination by this Defendant and she is entitled to be fully compensated therefor.

33.     As a direct and proximate result of Defendant's wrongful illegal sexual harassment discrimination, Plaintiff has had to secure the services of an attorney to pursue this action, and Plaintiff should be allowed a reasonable sum for her attorney's fees and costs.

## VII.

### THIRD CAUSE OF ACTION
### (Race Discrimination Based Upon Hostile Work
### Environment In Violation Of Federal Law)

34.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 33 set forth above.

35.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., prohibits employers with 15 or more employees from discriminating against any individual employee with respect to his or her compensation, terms, conditions or privileges of employment because of the employee's race, color, religion, sex or national origin.  To prevail on a hostile workplace claim premised upon "race," a plaintiff must show (1) that he/she was subjected to verbal or physical

7

PAUL PADDA LAW, PLLC
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

conduct of a racial nature, (2) that the conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment.

36.    In this case, Defendant, by and through the actions of Plaintiff's first-line supervisor Collins subjected Plaintiff to a hostile and discriminatory work environment based upon her race/ethnicity ("African American").  Specifically, Plaintiff was the victim of repeated verbal harassment from her supervisor that was deeply offensive and based solely upon her racial background.   For instance, Collins, an African American male, racially humiliated and embarrassed Plaintiff, an African American female, and her black coworker Cunningham by introducing them to new staff as "druggies" and often called Plaintiff crackhead, drawing from offensive stereotypes that paint African Americans as drug users. Collins' conduct was unwelcome, uninvited and most certainly offensive.  Occurring on a frequent basis, the verbal harassment was severe and pervasive and altered the working conditions of Plaintiff's employment to the point that it took a deep emotional toll on Plaintiff.   When Plaintiff complained, as any reasonable person would do, Collins threatened her with termination from employment.

37.    The foregoing conduct constituted illegal racial discrimination prohibited by 42 U.S.C. § 2000e et. seq.

38.    Plaintiff has been seriously harmed, economically and emotionally, by this illegal discrimination in the form of racial harassment by this Defendant and she is entitled to be fully compensated therefor.

...

...

8

**PAUL PADDA LAW, PLLC**
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

39. As a direct and proximate result of Defendant's illegal discrimination in the form of racial harassment, Plaintiff has had to secure the services of an attorney to pursue this action, and Plaintiff should be allowed a reasonable sum for her attorney's fees and costs.

**VIII.**

**FOURTH CAUSE OF ACTION**
**(Retaliation)**

40. Plaintiff repleads and realleges every allegation contained in Paragraphs 1 through 39 with the same force and effect as if set forth herein.

41. The aforementioned state and federal statutes which prohibit discrimination on the basis of race and sex also prohibit retaliation against any individual engaged in reporting or complaining about possible discrimination or acts which might constitute discrimination.

42. Defendant subjected Plaintiff to retaliation when Defendant failed to take preventative action to protect her and continued to employ individual(s) (Collins) who discriminated against Plaintiff, and allowed its employees to continue to treat Plaintiff differently than similarly situated, non-African American employees. Additionally, Defendant retaliated against Plaintiff by terminating her employment after she brought her concerns about her treatment, and those of her fellow black/female employees, to the attention of Defendant's human resources office.

43. The actions of the Defendant constitute illegal retaliation and are prohibited by federal law and the public policy of the State of Nevada.

44. Plaintiff has been seriously harmed, economically and emotionally, by this unlawful discrimination in the form of retaliation by this Defendant and she is entitled to be fully compensated therefor.

...

9

PAUL PADDA LAW, PLLC
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

45.     As a direct and proximate result of Defendant's wrongful conduct and illegal discrimination in the form of retaliation, Plaintiff has had to secure the services of an attorney to pursue this action, and Plaintiff should be allowed a reasonable sum for her attorney's fees and costs.

## IX.
## DEMAND FOR JURY TRIAL

46.     Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff invokes his right to trial by jury in this civil action.

## X.

## RELIEF REQUESTED

WHEREFORE, in the light of the foregoing, Plaintiff requests that the Court enter the following relief in this matter:

a.     Set this matter for trial by jury on a date certain;

b.     Award Plaintiff general and compensatory damages in an amount not less than $100,000;

c.     Award Plaintiff exemplary and punitive damages against Defendant in order to deter future conduct;

d.     Pre-judgment and post-judgment interest, as provided by law;

e.     Award Plaintiff costs and reasonable attorney's fees; and

…

…

…

…

10

f.    For such other and further relief as the Court shall deem just and proper.

DATED this 25th day of September, 2017.

Respectfully submitted by:

PAUL PADDA LAW, PLLC

By: _____

PAUL S. PADDA, ESQ.
JOSHUA Y. ANG, ESQ.
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103

*Attorneys for Plaintiff*

PAUL PADDA LAW, PLLC
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

11

# EXHIBIT A

# EXHIBIT A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Kisha Griffin<br>6163 W. Levi Ave.<br>Las Vegas, NV 89141 | From: Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative<br>**Karrie L. Maeda,**<br>**State & Local Coordinator** | Telephone No. |
| --- | --- | --- |
| **34B-2015-00097** | | **(213) 894-1100** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Karrie L. Maeda for*                                                          June 23, 2017

Enclosures(s)

**Rosa M. Viramontes,**
**District Director**

*(Date Mailed)*

cc:
**Brian Wolfe**
**Branch Manager**
**MANPOWER**
**6615 S. Eastern Ave., Suite 100**
**Las Vegas, NV 89119**

**Ruth Cohen, Esq.**
**PAUL PADDA LAW, PLLC**
**4240 West Flamingo Rd.**
**Las Vegas, NV 89103**